WARREN & CORNWALL vs. THE STAE, use of Wilkins.

Where an execution is placed in the hands of a constable shortly before the expiration of a term for which he had been elected, but is not returnable until after the commencement of a term for which he is re-elected, and not until after he has given bond and had the same approved for the latter term, the securities on the first bond will not be liable for a failure to pay over the money on the return day, there being no obligation on the constable to pay, and no default until that time.

## ERROR to Benton Circuit Court.

Hendrick, *for Plaintiffs.*

I. There being no affidavit filed, the justice did right in not allowing the appeal. And when the motion was made to strike the case from the docket in the Circuit Court and dismiss the case, the motion ought to have been sustained; first, because no appeal had been or ought to have been allowed by the justice; secondly, if it had been allowed, the court should have sustained the motion, because no sufficient affidavit had been filed, nor was one filed in the Circuit Court before the motion was determined. The filing of an affidavit in this cause after the motion was determined and after the determination of the cause, was not complying with the statute, and cannot help the case.

II. The court ought to have given the instruction asked for by the defendants, because, unless the money had been demanded of the constable, he and his securities could not be liable until he failed to have the money on the return of the execution before the justice, and if that time was after the new bond was filed, the failure was one for which the securities on the old bond were not liable.

McBride, J., *delivered the opinion of the Court.*

Wilkins brought an action of debt before a justice of the peace, in the name of the State of Missouri, against Woodson, as constable, and Warren and Cornwall, as his securities, on the official bond of the constable, where judgment having been given against him, he appealed to the Circuit Court and there obtained judgment.

The record shows that the plaintiff, Wilkins, omitted to make the necessary affidavit before the justice of the peace for an appeal, and that the defendants filed their motion in the Circuit Court to dismiss the appeal for that cause, which was overruled by the court; thereupon a trial was had and verdict for the plaintiff. On the next day after the trial, the plaintiff moved the court for leave to file his affidavit for an appeal, and in support thereof, filed an affidavit stating "that he intended to make

an affidavit in the above named cause, but by the oversight of the attorney in the case, the affidavit was not entitled in the right cause, but was entitled in the case of the State of Missouri to the use of Grigsby; and that this affiant when he swore to the affidavit, thought he was swearing to an affidavit in the case stated in the above caption, and the affidavit so made by him was handed in by the attorney to be filed in that case." The defendants filed their motion for a new trial and both motions coming on to be heard, the court sustained the motion of the plaintiff and permitted the affidavit for an appeal to be then filed, and overruled the motion of the defendants for a new trial, to which opinions of the court the defendants excepted and have brought the case here by writ of error.

By the 5th sec. of the 8th article of an act to establish justices' courts, and to regulate proceedings therein (R. C., 1845, p. 668) it is provided that "no appeal shall be allowed unless the party applying therefor, or some person for him, will make oath that the application for an appeal is not made for vexation or delay, but because he believes the appellant is injured by the judgment of the justice." The seventh section provides however, that "no appeal shall be dismissed for want of an affidavit, if the appellant or some person for him, will file in the Circuit Court the affidavit required by law, before a motion to dismiss is determined."

By the proceedings had in this case, the plaintiff obtained an appeal and a trial of his case in the Circuit Court, without incurring that responsibility which the law has saw proper to impose on a party seeking a second trial. If such a practice be indulged, the object of the legislative provision will be wholly defeated, and cases of "vexation and delay" will readily find their way into the Circuit Court. Whatever may be the *individual* opinion of the appellant, as to the merits of his case, the finding of a verdict by a jury in his favor will have a very persuasive influence in inducing him to make the necessary affidavit. If the finding shall be against him he will not make the affidavit. Thus appeals will be tried in the Circuit Court without affidavit; after trial, the omission would be supplied only in cases where the appellant obtained judgment.

Without the latter provision, the failure to make the affidavit before the justice of the peace would be fatal—*thus* giving him the right to make it in the Circuit Court upon the condition that he avails himself of the right "before a motion to dismiss is determined." This was not done, and hence the motion to dismiss should have been sustained. The consequences flowing from the error of the attorney in drawing the affidavit must attach to and be borne by the appellant.

Wherefore, the judgment of the Circuit Court ought to be reversed, and the same is reversed.

## Scott, *Judge.*

I am in favor of reversing the judgment, because the instruction given to the jury is erroneous. It was in these words, that if they believe from the evidence, that the money was received by Woodson before the new bond was filed and approved, he and his securities were liable for the failure of said Woodson to pay it over, or have it before the justice after the new bond was filed and approved.

This suit is against the discharged sureties, and the instruction makes them responsible before there is any default on the part of the principal. Nothing to the contrary appearing, we must presume that there was no default in the constable before the return day of the writ. He was not required to pay the money till then and of course had committed no breach of the condition of his bond.

## Napton, *Judge.*

I concur in reversing the judgment for the reason given by Judge Scott.